Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00488-CV

**GENERAL NEON SIGN COMPANY**,
Appellant

v.

**DAILEY & WELLS COMMUNICATIONS, INC.**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-16158
Honorable Michael Peden, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   March 18, 2009

AFFIRMED

General Neon Sign Company appeals a judgment awarding Dailey & Wells Communications,

Inc. the sum of $40,345.26 in damages.  In the issues it presents on appeal, General Neon asserts:

(1) the evidence is legally insufficient to support the jury's findings on causation and damages under

both breach of contract and breach of warranty theories; (2) the evidence is legally and factually

insufficient to establish liability; and (3) the jury charge contained the wrong measure of damages.

Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion.

## SUFFICIENCY CHALLENGES

In reviewing the legal sufficiency of the evidence to support a jury's finding, "we consider whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not." *Adams v. YMCA of San Antonio*, 265 S.W.3d 915, 917 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005)). "We consider all of the evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it. *Id*.

In reviewing factual sufficiency, we consider all the evidence and will set aside the verdict only if the evidence supporting the jury finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Collins & Aikman Floorcoverings, Inc. v. Thomason*, 256 S.W.3d 402, 407 (Tex. App.—San Antonio 2008, pet. denied). In conducting this review, we do not substitute our judgment for that of the jury, as they are the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id*.

In its first and second issues, General Neon contends the evidence is legally insufficient to establish the elements of causation and damages, and in its third issue, General Neon contends the evidence is legally and factually insufficient to establish General Neon's liability. Because we hold the evidence is sufficient to support the jury's findings on the requisite elements of a breach of contract claim, we do not address the evidence with regard to Dailey & Wells breach of warranty claim.

The elements of a breach of contract claim are: (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 61 (Tex. App.—San Antonio 2005, pet. denied). General Neon does not challenge the existence of a valid contract or performance by Dailey & Wells. Instead, General Neon appears to be contending that it did not breach the contract because the evidence did not establish the reason the lighting in the signs designed, manufactured and installed by General Neon did not work. Furthermore, General Neon contends that no evidence supported the jury's award of damages.

General Neon contractually agreed to design, manufacture and install seven signs for Dailey & Wells that were back lit. Richard Wells, the owner of Dailey & Wells, testified that lighted signs were necessary because Dailey & Wells's service department is open twenty-four hours a day and customers must be able to locate his business at night. Bill Hall, General Neon's salesperson, agreed that the contract was for lighted signs. Evidence was presented of the numerous problems with the signs after they were installed, including the lights burning out, the lights flickering, wires shorting out, and the transformers smoking. Wells testified that something was wrong with at least two or three signs at any given time. A folder of notes maintained by Dailey & Wells's facilities director, Andy Anderson, detailing all of the problems, telephone calls, responses or lack thereof, and service work performed, was admitted into evidence, and Anderson testified regarding the constant problems.[1] General Neon argues that the evidence is insufficient because it does not establish what

---

[1] In its reply brief, General Neon relies on Hall's testimony that all of the warranty work pertaining to any of the work orders was successfully completed. Hall's testimony, however, was limited to the information provided on the work orders while Anderson's testimony detailed recurring problems arising long after the date of the last work order that provided the basis for Hall's testimony.

caused the lighting not to work; however, Dailey & Wells was only required to prove that General Neon failed to comply with its contractual obligation. The evidence presented establishes that: (1) General Neon was contractually obligated to design, manufacture, and install lighted signs; and (2) the signs General Neon designed, manufactured, and installed failed to properly light. Because Dailey & Wells contracted for lighted signs, the evidence supports the jury's finding that General Neon's design, manufacture, and installation of signs that failed to properly light was a breach of the contract.

General Neon also argues that no evidence was presented with regard to Dailey & Wells's damages. Generally, the measure of damages for breach of contract is that which restores the injured party to the economic position he would have enjoyed if the contract had been performed. *Mood v. Kronos Products, Inc.*, 245 S.W.3d 8, 12 (Tex. App.—Dallas 2007, pet. denied); *Bowen v. Robinson*, 227 S.W.3d 86, 96 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). In this case, evidence was introduced that other companies contacted to repair the signs would only replace them, and despite the numerous opportunities Dailey & Wells gave General Neon to repair the signs, General Neon was unable to repair them so that they remained in working order. Evidence also was introduced that General Neon quoted Dailey & Wells the sum of $20,172.63 to replace the top half of the signs with a different type of lighted signs, and Hall testified that the bottom half of the signs would cost an equal amount to replace. The amount of damages awarded by the jury, $40,345.26, is equal to the estimate General Neon provided to replace the top half of signs multiplied by two, i.e., $20,172.63 x 2 = $40,345.26.

General Neon's first three issues are overruled.

## MEASURE OF DAMAGES

In its fourth issue, General Neon complains that the jury charge contained an erroneous measure of damages because the jury should have been instructed to find the cost to repair the signs rather than replace the signs. As previously noted, however, the measure of damages for breach of contract is that which restores the injured party to the economic position he would have enjoyed if the contract had been performed. *Mood*, 245 S.W.3d at 12; *Bowen*, 227 S.W.3d at 96. Replacing the lighted signs that no company could or would repair would restore Dailey & Wells to the economic position it would have enjoyed if General Neon had performed the contract by designing, manufacturing, and installing signs that properly lit. Accordingly, the trial court properly instructed the jury on the applicable measure of damages.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice