Opinion filed May 21, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00377-CV 

                                                    __________

 

                                  PENNER CATTLE, INC., Appellant

                                                             V.

                                 BILL
COX AND TOM NIX, Appellees

 



 

                                         On
Appeal from the 259th District Court

                                                          Jones
County, Texas

                                                   Trial
Court Cause No. 20,519

 



 

                                                                   O
P I N I O N

 

 Penner
Cattle, Inc. filed suit against Bill Cox and Tom Nix alleging breach of
contract.  Cox and Nix counterclaimed, asserting a reciprocal breach of
contract claim.  The trial court conducted a bench trial, found for Cox and Nix
on the liability issues, and awarded Cox actual damages of $252,712.14 and
conditional attorney=s
fees in the event of an appeal.  We modify and affirm in part and reverse and
remand in part.[1]

                                                             I. 
Background Facts








 Bill
Cox is a livestock dealer.  Tom Nix approached him and asked if he knew of
anyone who wanted to run cattle on hay grazer.  Cox mentioned this to Larry
Yoder, a broker, and told him that the hay grazer would support 300 to 400 head
of cattle.  Yoder contacted Dennis Penner.  Penner was interested, and on
behalf of Penner Cattle, he entered into a contract with Cox.  The contract
required Cox to acquire and maintain the cattle.  Penner was responsible for
the purchase cost; the cost of feed, medicine, and transportation; and 354 per pound for all weight gained.

Cox
acquired 323 head in June and July of 2003.  Penner reimbursed Cox for his
costs.  The cattle were transported to Nix=s
property.  In early September, Cox told Yoder that the grazing was getting
short and that the cattle needed to be picked up.  The cattle were not shipped
until October 23, 2003, when 201 head were transported.  Whether because
Penner did not send enough trucks or because Nix was claiming a security
interest to secure payment of his expenses is unclear, but Nix kept 98 head of
cattle.[2]

What
is clear is that the parties disputed what Penner owed for medicine, feed, and
transportation costs.  Penner received a bill for $23,353.75.  Yoder requested
but did not receive supporting documentation.  He reviewed the contract and
calculated that Penner owed only $19,337.93.  Penner wired that amount to a
third party with instructions to deliver the funds to Cox when the 98 head were
released.  Nix did not release the cattle but sold them in March 2004 for
$49,783.14.  Cox claimed that Penner now owed $29,705.74.  The increased bill
was due, in part, to grazing charges incurred after October 23.  When the
cattle were sold, Nix was paid and the balance of the funds was given to Cox=s counsel.

                                                                       II. 
Issues

 Penner
challenges the judgment with four issues.  We need only address the first
issue, which alleges that the trial court=s
consequential damage award is against the great weight and preponderance of the
evidence.

                                                        III. 
Analysis

A. 
Standard of Review.








Penner
asserts in his issue a factual sufficiency challenge to the trial court=s damage award.  In
reviewing a factual sufficiency challenge, we consider all of the evidence and
uphold the finding unless the evidence is too weak to support it or the finding
is so against the overwhelming weight of the evidence as to be manifestly
unjust.  Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).

B.
Lost Profits.  

 The
trial court awarded Cox breach of contract damages totaling $252,712.14.  This
represented $34,000 in attorney=s
fees, direct damages of $43,712.14, and consequential damages in the form of
lost profits of $175,000.  Cox calculated this by assuming that Penner had
timely paid for the cattle=s
medicine, feed, and transportation and that he had then invested this money in
the cattle business.  Cox testified that he would have purchased a load of
cutting bulls and sold them in 50 to 60 days for a profit of $6,000 to $7,000. 
Cox testified that he was familiar with the market and that he could have
repeated this investment every 60 days.  Cox testified that, because over four
years had elapsed since the dispute arose, he had lost 25 cattle investment
opportunities and a total of $175,000.

The
trial court=s award is
based upon factually insufficient evidence for three reasons.  First, there was
insufficient evidence that lost profits were reasonably foreseeable.  Second,
Cox=s testimony was
conclusory.  Third, the evidence indicates that Nix not Cox was deprived of
funds and that Nix was repaid when the 98 head of cattle were sold in March
2004.

Generally,
the measure of damages for breach of a contract is that which restores the injured
party to the economic position he would have enjoyed if the contract had been
performed.  Mood v. Kronos Prods., Inc., 245 S.W.3d 8, 12 (Tex. App.CDallas 2007, pet. denied). 
This measure may include reasonably certain lost profits.  Holt Atherton
Indus., Inc. v. Heine, 835 S.W.2d 80, 84 (Tex. 1992).  Lost profits may be
in the form of direct damages B
that is, profits lost on the contract itself B or in the form of consequential damages B such as profits lost on
other contracts resulting from the breach.  Mood, 245 S.W.3d at 12.  But
to recover consequential lost profits, a claimant must show  the parties
contemplated at the time they made the contract that such damages would be a
probable result of the breach.  Mead v. Johnson Group, Inc., 615 S.W.2d
685, 687 (Tex. 1981).  








Cox
points to Penner=s testimony
to establish foreseeability.  Penner agreed that the cattle business can be
profitable; that a knowledgeable person can successfully invest in the
business; and that, if Cox and Nix did not receive the money they were owed,
they would be damaged because of their inability to invest that money in the
future.  Obviously, in any breach of contract case, the failure of one party to
pay another will deprive the innocent party of the use of that money. 
Prejudgment interest compensates injured parties for this damage, and we note
that Cox  received 7.75% prejudgment interest on his damages.[3] 
City of Houston v. Texan Land & Cattle Co., 138 S.W.3d 382, 388
(Tex. App.CHouston
[14th Dist.] 2004, no pet.).  If Cox=s
testimony were sufficient, there would be no need for the foreseeability rule
in commercial contract disputes because his testimony would be true in almost
all instances.   Because Cox did not establish that the parties contemplated
any damages beyond those inherent with a breach of contract, the trial court=s award is based upon
factually insufficient evidence.

Cox
also failed to offer sufficient evidence to establish a $175,000 loss.  To
recover lost profits, one must prove them with reasonable certainty and with
competent evidence.  Bowen v. Robinson, 227 S.W.3d 86, 96 (Tex. App.CHouston [1st Dist.] 2006,
pet. denied).  The trial court had nothing more than Cox=s opinion that he could have profitably bought
and sold a load of cutting bulls every 60 days.  Cox is qualified to render
expert testimony on the cattle business, and opinions or estimates of lost
profits may be competent evidence B
if that opinion or estimate is based on objective facts, figures, or data from
which the amount of lost profits may be ascertained.  KMG
Kanal-Muller-Gruppe Deutschland GmbH & Co. v. Davis, 175 S.W.3d 379,
391 (Tex. App.CHouston
[1st Dist.] 2005, no pet.).  Cox failed to provide the trial court with any
objective evidence to substantiate his opinion.  See Texaco, Inc. v. Phan,
137 S.W.3d 763, 772-73 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (owner=s
bare assertion of a profit margin of a certain percent, even one based on prior
experience, was not sufficient evidence to support an award of lost profits).








Finally,
Cox failed to establish that he, rather than Nix, was deprived of the use of
the money.  Cox testified that he had been fully paid for the cattle and for
his charges and expenses.  The original disputed items were charges that Nix had
incurred for medicine, feed, and pasture.  At trial, Cox and Nix also testified
that the cattle lost weight because they were not timely picked up and that
they lost profits of $11,982.32.  Cox testified that the damage award would go
to him and that he would then pay Nix.  Thus, if anyone lost the use of money,
it was Nix.  But Nix was paid in full when the 98 head of cattle were sold in
March 2004.  Because it was Nix who lost the use of the money and because Nix
was paid in early 2004, Cox failed to present sufficient evidence that Penner=s failure to pay caused him
to suffer lost profits for 50 months.  Penner=s
first issue is sustained.  This holding makes it unnecessary to address Penner=s remaining issues.

                                                        IV. 
Holding 

As
to the claims between Penner and Cox, the judgment of the trial court is
reversed and  remanded for a new trial.  Because Cox=s consequential damage claim is unliquidated,
the new trial shall include liability and damages.  See Tex. R. App. P. 44.1(b).  As to the
claims between Penner and Nix, no complaint is made regarding either the
liability findings or the trial court=s
failure to award damages to Nix.  Therefore, the trial court=s judgment involving the
claims between Penner and Nix is affirmed.  Additionally, the trial court=s judgment is modified to
reflect that it is from AJones@ County.

 

 

RICK STRANGE

JUSTICE

 

May 21, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









     [1]We modify the trial
court=s judgment to show that it was AIN THE 259TH JUDICIAL DISTRICT COURT OF JONES COUNTY,
TEXAS,@ rather than in ATAYLOR
COUNTY.@





     [2]While in Nix=s care, 24 head died.





     [3]The problem with
combining two forms of damage for lost use of money is illustrated by the
result in this case. Assuming a present value of $43,712.14, a future value of
$218,712.14 (43,712.14 + 175,000), and a payoff in 50 months, Cox=s testimony assumes an annual rate of return of
46.73%.  The 7.75% prejudgment interest began accruing on March 3, 2004.  Over
50 months, Cox=s $175,000 lost profits award earned prejudgment
interest of $63,935.61.  When this is combined with his lost profits, the
original $43,712.14 grew to $282,647.75 (43,712.14 + 175,000 + 63,935.61) B a rate of return of 55.89%.