Opinion issued January 31, 2012.

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00041-CV

———————————

wps, inc., Appellant

V.

expro
americas, llc,
Appellee

———————————

surface
production systems, inc., Cross-Appellant

V.

wps, inc., Cross-Appellee



 



 

On Appeal from the 189th District Court

Harris County, Texas



Trial Court Case No. 2006-80212

 



 




 

DISSENTING OPINION

I
join in the Court’s opinion except for the portion that affirms the damages
awarded to WPS, Inc. (WPS). I would sustain the fourth issue brought by Expros
Americas, LLC (Expro) and Surface Production Systems, Inc. (SPS), and hold that
the trial court erred in its instruction on the measure of damages for “agreed
payments.” Further, I would reach and sustain Expro and SPS’s sixth and seventh
issues and hold that WPS was not entitled to recover on its quantum meruit or
promissory estoppel claims. Therefore, I dissent. 

Damages

          The trial court’s damages
instruction directed the jury to consider two elements of damages “and none
other:” (1) “the amount of any agreed payments to WPS” and (2) “valid
cancellation charges that WPS incurred in connection with the cancellation of
the agreement” by SPS. While there were two damages elements in the instruction,
the jury was only asked one question combining both elements. The jury found
that WPS was entitled to $855,342.55 in
damages. This amount generally comports with the amounts invoiced by WPS, which
included the cancellation charges payable to the component providers ($441,276.25)
and the first “agreed payment” due under the contract upon WPS’s acceptance of
the order ($414,307).

          As an initial matter, I
agree with the Court that the trial court did not err in instructing the jury
that, as part of the damages, WPS could recover the “cancellation charges.” The
“agreed payments” were not, however, an appropriate measure of damages. Therefore,
I would sustain Expro and SPS’s contention that the “progress payment”—or as
used in the jury charge the “agreed payments”—is not “a legally recoverable
measure of damages for breach of contract.”

          “The ultimate goal in measuring
damages for a breach-of-contract claim is to provide just compensation for any
loss or damage actually sustained as a result of the breach.” Walden v. Affiliated Computer Servs., Inc.,
97 S.W.3d 303, 328 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). There
are three damage measures for breach of contract claims: expectancy, reliance,
and restitution. Quigley v. Bennett,
227 S.W.3d 51, 56 (Tex. 2007) (citing Restatement (Second) of Contracts § 344 (1981)); see also
Intercontinental Grp. P’ship v. KB Home Lone Star L.P., 295 S.W.3d 650, 666
(Tex. 2009) (Brister, J., dissenting, joined by O’Neill, Wainwright and Medina,
JJ.) (“Breach of contract
damages include lost profits (expectancy), out-of-pocket expenses (reliance),
and restitution”); Chung v. Lee, 193 S.W.3d 729, 733 (Tex.
App.—Dallas 2006, pet. denied) (“damages for breach of contract protect three
interests: a restitution interest, a reliance interest, and an expectation
interest”). “Expectancy damages
award the benefit of a plaintiff’s bargain; reliance damages compensate for the
plaintiff’s out-of-pocket expenditures; restitution damages restore what the
plaintiff has conferred on the defendant.” Quigley, 227 S.W.3d at 56. The “agreed payments” are not an accurate reflection of any
of these three measures of damages.

          1.       Restitution

          WPS did not allege that it conferred
any benefit on Expro and SPS, nor did it seek restitution damages.[1]

          2.       Expectancy

“The most common interest protected in breach of contract
cases is the expectation, or benefit of the bargain, interest. Protecting this
interest seeks to restore the non-breaching party to the same economic position
in which it would have been had the contract not been breached—thus giving the
party the benefit of its bargain.” Qaddura v. Indo-European Foods, Inc.,
141 S.W.3d 882, 888–89 (Tex. App.—Dallas 2004, pet. denied); see also Bowen v. Robinson, 227
S.W.3d 86, 96 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (noting that in
breach of contract claims, “the normal measure of
damages is just compensation for the loss or damage actually sustained,
commonly referred to as the benefit
of the bargain.”). WPS’s expectation
interest is measured by its expected receipts under the contract plus
consequential losses caused by SPS’s breach, less any cost or other loss that WPS
avoided by not having to perform.[2] See
Restatement (Second) of Contracts
§ 347 (1981); Qaddura, 141 S.W.3d at
889; Abraxas Petroleum Corp. v. Hornburg, 20 S.W.3d 741, 760
(Tex. App.—El Paso 2000, no pet.); Lafarge
Corp. v. Wolff, Inc., 977 S.W.2d 181, 187 (Tex. App.—Austin 1998, pet.
denied). 

Under this measure of damages, WPS could have recovered the
total of all “agreed payments” owed under the contract (expected receipts) plus
the cancellation charges (consequential losses), less the costs WPS would have
had to incur to complete performance (avoided costs).[3] But WPS did not offer any evidence of its costs savings from not having
to fully perform. An expectancy measure of damages does not authorize recovery of
expected revenues, or even some portion of expected revenues, without also
accounting for costs saved. See, e.g., Kormanik v. Seghers, No. 14-09-00815-CV, 2011 WL 2322369,
at *10–11 (Tex. App.—Houston [14th Dist.] June 14, 2011, no pet.) (rejecting
argument that expectation damages were proven as matter of law when claimant produced
evidence of expected revenues but failed to produce evidence of costs that he
would have incurred to fully perform agreement), supplemented on overruling of rehearing, 2012 WL 90275 (Tex.
App.—Houston [14th Dist.] Jan. 12, 2012, no pet. h.) (addressing new
jurisdictional arguments); Lafarge,
977 S.W.2d at 187–88 (holding that trial court erred in submitting damages
question that instructed jury to consider payments owed under contract but did
not instruct jury to consider costs claimant saved by not having to fully
perform); Data Foundry, Inc. v. Silicon Integration Initiative, Inc., No. 03-09-00063-CV, 2010 WL
2336464, at *3 (Tex. App.—Austin June 11, 2010, no pet.) (mem. op.) (holding
that trial court did not err in declining to award claimant expectation damages
when claimant offered no evidence of costs or losses it avoided by not having
to fully perform).[4] Allowing recovery of payments due
under the contract without accounting for costs saved as a result of the breach
puts the non-breaching party “in a better position as a result of the [breach]
than it would have been in had it completed [performance of the contract].” Sage Street Assocs. v. Northdale Constr. Co.,
937 S.W.2d 425, 426 (Tex. 1996). Thus, WPS could not submit an expectation
measure of damages instructing the jury to consider the payments promised under
the contract without also instructing the jury to consider costs WPS saved as a
result of not having to complete its performance under the contract.

3.       Reliance

          WPS’s evidence, and the trial court’s
charge, most closely corresponded to a reliance measure of damages. Reliance damages are designed to
restore the status quo at the time before the contract was made. Geis v.
Colina Del Rio, 2011 WL 1665164, at *9 (Tex. App.—San Antonio May 4, 2011,
pet. filed). Reliance damages are measured as
the out-of-pocket expenditures made by one party in reliance on the actions of
another party, not by the amount of lost profits and sales. Sterling Chems., Inc. v. Texaco Inc.,
259 S.W.3d 793, 798 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). A party
that has made a substantial investment in performing an agreement that is
breached is entitled to have that investment returned through recovery of
reliance damages. Chung, 193 S.W.3d at
733. 

The Court renders damages in favor of WPS by assuming that the jury’s
damages finding reflects an award of the $414,307 initial agreed payment due
under the contract and treating that amount as a proxy for the costs incurred
by WPS in commencing its performance of the contract. While I agree with the Court
that there is evidence that WPS
began performance of the contract in an effort to deliver the compressor
packages by the September deadline and
incurred some costs in doing so, and that such costs are recoverable as
reliance damages, the jury was not instructed to consider those costs. Nor was
the jury instructed to consider the initial agreed payment less any cost
savings.[5]
It was instructed to consider “any agreed payments” under the contract. The
“agreed payments” are not “out-of-pocket expense” recoverable as reliance
damages. See Sterling Chems., 259
S.W.3d at 798.         

          

          4.       Conclusion 

          Under an expectancy measure of
damages, the trial court properly could have instructed the jury to consider
the “agreed payments” plus the “cancellation charges,” but only if it also
instructed the jury to consider any costs saved by WPS as a result of not
having to complete its performance under the contract. Under a restitution
measure of damages, the trial court could have instructed the jury to consider
both the “cancellation charges” but the second element of damages would have
been the costs incurred by WPS in performing before SPS cancelled the parties’
contract. The trial court’s damages question did neither. SPS objected to the trial court’s instruction
and tendered to the trial court an instruction that reflected a proper measure
of reliance damages. Therefore, the trial court erred in instructing the
jury to automatically award the amount of the agreed payments without regard to
whether WPS performed services and made expenditures in these amounts in
reliance on the contract.[6]

          We should sustain SPS’s fourth issue. 

Quantum Meruit and Promissory Estoppel

          Because I would sustain SPS’s fourth
issue, I now address Expro and SPS’s sixth and seventh issues, in which they argue
that WPS was not entitled to recover on its claim for quantum meruit or
promissory estoppel. Generally, recovery under quantum meruit or promissory
estoppel is not available when a party has an express contract that covers
those matters for which it seeks recovery. 
See Truly
v. Austin, 744 S.W.2d 934, 936 (Tex. 1988) (stating that, as general
rule, recovery under theory of quantum meruit is prohibited if express contract
covers services or materials for which claimant seeks recovery).  In its briefing, WPS agrees that, because it
had an enforceable contract with SPS, it is not entitled to a judgment on its
claims for quantum meruit or promissory estoppel. Because WPS concedes it is not
entitled to seek recovery through its quantum meruit and promissory estoppel
claims in light of the fact that an express contract controls, we should sustain
SPS’s sixth and seventh issues. 

Conclusion

          In conclusion, I believe we should reverse
and remand the case.

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

Brown,
J., dissenting.

 











[1]           Restitution
damages are measured by the value to the defendant of the services and
materials provided by the claimant. See City of Harker Heights, Tex. v. Sun
Meadows Land, Ltd., 830 S.W.2d 313, 317
(Tex. App.—Austin 1992, no writ) (stating that restitution “focuses on forcing
the defendant to disgorge benefits that it would be unjust to keep, rather than
on compensating the plaintiff. The principle that underlies the remedy of
restitution is the avoidance of unjust enrichment.”); Restatement (Second) of Contracts § 373 (1981) (stating that
in case of partial performance caused by other party’s breach, injured party,
as alternative measure of damages, may recover “restitution for any benefit
that he has conferred on the other party by way of part performance or
reliance.”).





[2]           When
a party has fully performed at the time of breach, there will ordinarily be no
cost savings; but it is undisputed that WPS had not fully performed under the
contract at the time of breach.





[3]           For
example, if WPS was to receive three payments of $100 under the contract,
totaling $300 in revenue, and would have expended $200 to produce the
compressor packages promised under the contract, its profit would have been
$100. If SPS cancelled the contract before making any payments, but after WPS
had expended $40 to commence production and after WPS ordered component parts
that subjected it to $30 in cancellation charges, WPS’s damages would have been
$170—the
$300 owed under the contract
plus $30 in cancellation charges, less $160 in expenditures not incurred due to
breach. The first $70 of the recovery restores WPS to its pre-contract position
by covering the $40 expenditure on performance and the $30 cancellation
charges, and the remaining $100 puts WPS in its anticipated post-contract
position: $100 in
profits.





[4]           Cf.
Dix v. Brooks, No. 03-04-00408-CV,
2006 WL 903738, at *10 (Tex. App.—Austin April 7, 2006, no pet.) (mem. op.)
(rejecting argument that jury’s damages award failed because evidence showed only
expected revenues but not costs saved when evidence included costs estimates
for labor and material, evidence of work completed at time of termination, and
testimony as to damages calculated by subtracting costs saved on completion of
construction and payments already made from total expected contract revenues).





[5]           Even
if the jury had been instructed to consider only the initial agreed payment and
even if there was evidence that the initial agreed payment reflected an
estimate of the costs WPS would incur in the initial stages of contract
performance, the jury still should have been allowed to determine the amount of
the costs WPS actually incurred in partially performing the contract unless WPS
proved as a matter of law that the initial agreed payment established its
actual performance costs. Under the charge submitted, if the jury was expected
to calculate the costs WPS incurred in pre-breach work under the contract, the
jury was never told this.





[6]           Moreover,
because WPS contended that the “damage analysis” was “really very simple” and
because the contract itself provided for the amount of the initial agreed
payment that SPS was required to pay upon WPS’s acceptance, WPS did not present
evidence concerning the general amount that could be assigned to the services
or work it performed. WPS’s argument is essentially that, from the evidence
presented at trial, the jury could have concluded that WPS was entitled to
receive the contractually guaranteed initial payment to protect itself from a
financial loss and cover any expended costs in fabricating the compressor
packages, making staffing decisions, participating in technical discussions,
and working with vendors. But, as instructed, the jury was compelled to award
WPS the amount of the “agreed payments” instead of compensating WPS for a
reliance measure of damages, which is what WPS was legally entitled to recover.
I do not suggest that, upon retrial, WPS would
not be entitled to seek an amount that comports with any agreed payments. But,
the trial court, over SPS’s objection, did not submit a proper measure of
contract damages to the jury.