ACCEPTED
14-14-00807
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/11/2015 12:01:36 AM
CHRISTOPHER PRINE
CLERK

# No. 14-14-00834-CV

## IN THE COURT OF APPEALS
## FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/11/2015 12:01:36 AM
CHRISTOPHER A. PRINE
Clerk

INTERVENOR CARLOS RYERSON,
APPELLANT

V.

THE PETROLEUM WORKERS UNION OF THE REPUBLIC OF MEXICO,
APPELLEE

On Appeal from the 281st Judicial District Court
Harris County, Texas, the Hon. Sylvia A. Matthews presiding
Trial Court Cause No. 1985-35446-AC

## OPENING BRIEF OF INTERVENOR APPELLANT CARLOS RYERSON

Carlos Ryerson, In Pro Per
State Bar No. 17492500
THE RYERSON LAW FIRM, P.C.
6700 Belmont No. 11
Houston, Texas 77005
(713) 291-2301
(832) 383-9320 (facsimile)
carlos.ryerson@ryersonlaw.com

**Oral Argument Requested**

# IDENTITY OF PARTIES AND COUNSEL

**Cross-Appellant/Plaintiff (Appeal No. 14-14-00807-cv):**

James Gomez, as Receiver for Arriba Limited

**Trial and Appellate Counsel for Cross-Appellant/Plaintiff:**

Brian A. Calhoun
State Bar No. 24044827
CALHOUN, BHELLA &
SECHREST, LLP
325 N. St. Paul St., Suite 2300
Dallas, Texas 75201
(214) 981-9258
(214) 981-9203 (facsimile)
bcalhoun@cbsattorneys.com

Steven Ward Williams
SMITH SOVIK KENDRICK &
SUGNET, PC
250 S. Clinton Street, Suite 600
Syracuse, New York 13202
(315) 474-2911
(315) 474-6015 (facsimile)
swilliams@smithsovik.com

Michael J. Pérez
Jeffrey A. Feasby
PEREZ & WILSON, INC.
750 B Street, Suite 3300
San Diego, California 92101
(619) 741-0282
(619) 460-0437 (facsimile)
perez@perezwilson.com

**Appellee/Defendant:**

The Petroleum Workers Union of the Republic of Mexico

**Appellate Counsel for Appellee/Defendant:**

Paul Simon
State Bar No. 24003276
SIMON HERBERT &
MCCLELLAND, LLP
3411 Richmond Ave., Ste. 400
Houston, Texas 77046
(713) 987-7100
(713) 987-7120 (facsimile)
psimon@shmsfirm.com

Michael Choyke
State Bar No. 00793504
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321
(713) 572-4320 (facsimile)
choyke@wrightclose.com

**Trial Counsel for Appellee/Defendant:**

Paul Simon
State Bar No. 24003276
SIMON HERBERT &
MCCLELLAND, LLP
3411 Richmond Ave., Ste. 400
Houston, Texas 77046
(713) 987-7100
(713) 987-7120 (facsimile)
psimon@shmsfirm.com

Michael Choyke
State Bar No. 00793504
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321
(713) 572-4320 (facsimile)
choyke@wrightclose.com

Jamie Peña
State Bar No. 90001988
Peña Law Group
900 Kerria Ave
McAllen, Texas 78501-1913
(956) 948-2221
jpena@penalawgroup.com

George Muñoz
State Bar No. 14669925
1300 Pennsylvania Ave., N.W.
Suite 700
Washington, D.C. 20004
(202) 204-2530
(202) 347-2312 (facsimile)
gmunoz@munozlaw.com

**Intervernor/Appellant:**

Carlos Ryerson

**Appellate Counsel for Intervernor/Appellant:**

Carlos Ryerson, In Pro Per
State Bar No. 17492500
The Ryerson Law Firm, P.C.
6700 Bemont No. 11
Houston, Texas 77005
(713) 291-2301
(832) 383-9320
(facsimile)
carlos.ryerson@ryersonlaw.com

**Trial Counsel for Intervenor/Appellant:**

Craig R. Keener
State Bar No. 11167875
Craig R Keener PC
1005 Heights Blvd.
Houston, Texas 77008-6913
(713) 529-0048
crkeener@aol.com

# ABBREVIATIONS AND RECORD REFERENCES

## PARTY ABBREVIATIONS

Cross-Appellant James Gomez, as Receiver for Arriba Limited, is referred to herein as "Arriba."

James Gomez, as an individual, is referred to as "Gomez."

Appellee The Petroleum Workers Union of the Republic of Mexico is referred to herein as the "Union." In the record, the Union is sometimes referred to by its Spanish name, the "Sindicato."

Intervenor/Appellant Carlos Ryerson is referred to herein as "Ryerson."

## RECORD REFERENCES

References to the Original Clerk's Record, which was submitted by the Clerk of the Harris County District Court, are in the form (CR [page #]).

References to the 1st Supplemental Clerk's Record, which was submitted by the Clerk of the Harris County District Court, are in the form (Supp CR [page #]).

References to the Amended Motion for Judgment on the Verdict, submitted as Exhibit 1 to the parties' Agreed Motion to Supplement Clerk's Record filed on June 9, 2015, are in the form (Stip CR [page #]).

References to the Reporter's Record are in the form (RR [page #]).

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

ABBREVIATIONS AND RECORD REFERENCES........................................... iv

TABLE OF CONTENTS...................................................................................v

TABLE OF AUTHORITIES............................................................................ vi

STATEMENT OF THE CASE ........................................................................ vii

ISSUES PRESENTED ................................................................................... viii

1.      Did the trial court error in failing to award Ryerson damages and attorney's fees for breach of the November 27, 2004 Ryerson Fee Agreement?

STATEMENT OF FACTS ....................................................................................1

   I.   INTRODUCTION ...................................................................................1

   II.  THE PARTIES' AGREEMENT ..............................................................2

   III. PROCEDURAL HISTORY .....................................................................4

SUMMARY OF ARGUMENTS .........................................................................11

ARGUMENTS AND AUTHORITY ...................................................................13

   I.   Standard of Review..................................................................................13

   II.  The Trial Court Erred in Refusing to Award Ryerson Monetary Damages...13

   III. The Arguments Asserted By the Union Below Do Not Support a Finding that Ryerson is Not Entitled to Damages ............................................................19

   IV. The Amount of Ryerson's Damages is Readily Ascertainable ...................21

CONCLUSION AND PRAYER...........................................................................23

# TABLE OF AUTHORITIES

## Cases

*Bowen v. Robinson*, 227 S.W.3d 86
(Tex. App. - Houston [1st Dist.] 2006, pet. denied) .................................... 19, 20

*Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*,
297 S.W.3d 248 (Tex. 2009)............................................................. 13

*Coker v. Coker*, 650 S.W.2d 391 (Tex. 1983)......................................... 15

*Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*,
940 S.W.2d 587 (Tex. 1996).............................................................. 13

*Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*,
294 S.W.3d 164 (Tex. 2009)............................................................. 13

*Jones v. Wal-Mart Stores, Inc.*, 893 S.W.2d 144
(Tex. App. - Houston [1st Dist.] 1995, no writ .................................... 21

*Light v. Wilson*, 663 S.W.2d 813 (Tex. 1983)......................................... 21

*Lubbock Mfg. Co. v. Perez*, 591 S.W.2d 907
(Tex. Cv. App. - Waco 1979, writ dism'd by agr.)................................ 20

*MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647 (Tex. 1999) ...... 13

*Precision Motors v. Cornish*, 413 S.W.2d 752
(Tex. Civ. App. - Dallas 1967, writ ref'd n.r.e.) ................................ 20

*Seagull Energy E&P, Inc. v. Eland Energy, Inc.*,
207 S.W.3d 342 (Tex. 2006)........................................................... 15, 17

## Statutes

Texas Financial Code § 304.003(c)(2) .................................................23

Texas Financial Code §§ 304.003(c)(2), 304.006 ...................................23

## STATEMENT OF THE CASE

This is a breach of contract case arising out of a November 27, 2004 fee agreement between Ryerson and the Union (CR 229-243), emanating from the terms of a settlement agreement between Arriba and the Union, which the Union also breached. (CR 3816-3821.) The Union asserted counterclaims against Arriba and Ryerson. (CR 3822-3895.)

On February 3, 2014, the Court called this case for trial. A jury was impaneled and sworn, and the case proceeded to trial. The case was submitted to the jury on February 17, 2014, and a verdict in favor of Ryerson and Arriba was received on February 18, 2014. (CR 7626-7637.) On July 15, 2014, the 281st District Court, Judge Sylvia Matthews presiding, entered a final judgment in favor of Ryerson and Arriba. (CR 8019-8020.)

On August 14, 2014, the Union filed a Motion to Modify, Reform, or Correct Judgment and a Motion for New Trial. (CR 8028-8133; 8134-8193.) Pursuant to Rule 329b(c) of the Texas Rules of Civil Procedure, the Union's motions were overruled by operation of law. The Union filed its Notice of Appeal on October 8, 2014. (CR 8273-8277.) Arriba and Ryerson filed separate Notices of Cross-Appeal on October 21, 2014. (CR 8280-8283; 8284-8286.)

## ISSUES PRESENTED

1.    Did the trial court error in failing to award Ryerson damages and attorney's fees under its claim for breach of the November 27, 2004 Ryerson Fee Agreement?

## I.   INTRODUCTION

Filed in 1985, the underlying action resulted in a judgment in 1986 in favor of Arriba and against the Union and various individuals (the "1986 Judgment"). (RR Vol. 18A, Ptf.'s Ex. 1.)  That judgment awarded Arriba $33 million in actual damages resulting from the Union's breach of contract, $266,000 in consequential damages resulting from the Union's breach of contract, $4 million in attorneys' fees, $5 million in actual damages resulting from the defendants' conspiracy to deprive Arriba "of the benefits of its contract and the perpetration of unlawful and tortious acts" upon Arriba, and $50 million in punitive damages. (*Id.* at pp. 1-3.)  All of these amounts bear post-judgment interest at the rate of 10% per annum. (*Id.*)

That case has since taken the parties and the Texas courts on a long and winding journey.  Although the judgment from which the parties appeal involves the interpretation and enforcement of a fee agreement between the Union and Ryerson, as well as a settlement agreement between Arriba and the Union, the underlying action has spawned numerous garnishment actions on the underlying judgment, as well as related state court actions, appeals to this Court as well as the First and Tenth Courts of Appeal,[1]  federal actions in Texas and New York, a state court action in California, and proceedings in the Bahamas.[2]

---

[1] The appeal to the Tenth Court of Appeals was related to a judgment in a related case.  The appellate court reversed and remanded the case for retrial based on the trial court's exclusion of the

1

The parties are before this Court on their respective appeals from the Final Judgment that was entered by the trial court based upon the jury's verdict in favor of Arriba and Ryerson. (*See* CR 7626-7637; 8019-8020.)

## II.    THE PARTIES' AGREEMENT

On May 21, 2004, Arriba and the Union entered into an Agreement Regarding Disposition of Garnished Funds (the "2004 Agreement"). (*See* RR Vol. 18B, Def.'s Ex. 50.)  The Union also entered into an agreement with Ryerson which provided for payment of his attorneys' fees from the Union's 48% share of the garnished funds held in New York (the "Ryerson Fee Agreement"). (*See* RR Vol. 18A, Ptf.'s Ex. 15.)

In entering into the 2004 Agreement, the parties sought to resolve this garnishment action, the distribution of the funds located in New York that were the subject of this related garnishment action, the enforceability of the 1986 Judgment, and the outstanding issues in the 1989 Litigation. (*Id.* at p. 2.)  The 2004 Agreement was signed by Gomez as Receiver for Arriba, and by Noe Manuel

---

testimony of one of the Union's attorneys, which the Court of Appeal concluded "likely ... cause the rendition of an improper judgment." *See Arriba Limited v. The Petroleum Workers Union of the Republic of Mexico*, No. 10-98-165-CV (10th Court of Appeals, October 27, 1999).  That case is still pending in the District Court of Harris County, Texas, 281st Judicial District as Case No. 89-007592 (the "1989 Litigation"), and is awaiting retrial.  In the event the judgment in the present case is affirmed, it will effectively resolve this case as well as the 1989 Litigation, which was to be dismissed under the parties' settlement agreement. (*See* RR Vol. 18B, Def.'s Ex. 50, Art. V.)

[2] This case and the 1989 Litigation remain active pending resolution of this case.

---

2

Moreno Alvarez as General Attorney in Fact for the Union, and by Ryerson as Attorney of Record for the Union. (*See id.* at pp. 10-11.)

Pursuant to Article III of the 2004 Agreement, the garnished funds in New York "***shall be distributed as follows***:

> "A.  Fifty-Two percent (52%) of said funds shall be paid to Gomez, as Receiver for the Companies; and
>
> "B.  Forty-Eight percent (48%) of said funds shall be paid to the Union or its designee (as directed by the Union's attorney of record herein); and
>
> "C.  From the Union's 48% of said funds, an additional amount of One Million and No/100 Dollars ($1,000,000.00) shall be paid to Gomez, as Receiver for the Companies."[4]

(*Id.* at pp. 3-4.)  Article III goes on to state that, "The parties also agree to use their best efforts to resolve any outstanding claims affecting the Garnished Funds that have been made, or which may be made, in the action pending in the United States District Court, Eastern District of New York under Cause No. M # 02-906." (*Id.*)

Article IV affirms the validity of the 1986 Judgment, and provides that "the Union and the Commission[5] hereby knowingly waive, and forever relinquish, any and all claims and allegations challenging the finality of the 1986 Judgment as it affects them." (*Id.* at p. 4.)

---

[4] Gomez testified that this additional $1 million was to pay the expenses he had incurred as Receiver for Arriba. (RR Vol. 8, 264:23-265:20; RR Vol. 9, 89:18-24.)

[5] The "Commission" is The Commission of Contracts of the Executive Committee of the Petroleum Workers Union of the Republic of Mexico, which is also a judgment debtor on the 1986 Judgment.

3

Article IV further provides that if "the distribution of the Garnished Funds is not accomplished according to the terms set out in this Agreement [ ], Gomez and [Arriba] shall be entitled to enforce the 1986 Judgment in any legal manner, anywhere in the world, except in the country of Mexico." (*Id.*) **III. The Ryerson Fee Agreement, in turn, stipulates as follows:**

**"1. With respect to the recovery of the money funds of the Union [ ] that are currently sequestered in New York deposited in the Pershing Division of Donaldson, Lufkin & Jeanrette Securities Corp., by the company Arriba LTD. and by the Mexican government, we have agreed the following:**

**(a) that Carlos A. Ryerson, Esq., shall receive, of the 48% that are apportioned or belong to the STPRM, of this account the amount of US $7,000,000.00 as legal fees;...."** (*See* RR Vol. 18A, Ptf.'s Ex. 15, paragraph 1.)

## III. PROCEDURAL HISTORY

Although an entire procedural history of these matters would constitute a tome, the procedural history relevant to Ryerson's appeal is rather simple. The current action is a petition in intervention and garnishment action to recover Ryerson's legal fees due pursuant to the Ryerson Fee Agreement. That action sought

to seize Union assets held at Credit Suisse First Boston and Pershing Trading Company, L.P. (CR 229-244.) Garnishee Pershing Division of Donaldson, Lufkin & Jenrette Securities Corporation ("Pershing") answered that it was in the possession of Union funds totalling $43,282,633.78. (CR 37-42.)

Those funds had also been restrained by Arriba and the United States District Court for the Eastern District of New York. That court entered an *Ex Parte* Restraining Order at the request of the United States of America, which was acting at the request of the Government of Mexico. (CR 50-51, 84-92.) According to the Government of Mexico, the funds had been embezzled by Union officials, including the Union's President, Carlos Romero Deschamps. (*See* RR Vol. 18A, Ptf.'s Ex. 46, pp. SNel 100441-100444; RR Vol. 11, 10:13-11:2; 13:24-17:2.)

One of the Union's attorneys, George Muñoz, testified that at or about the time it entered into the 2004 Agreement, he was representing the Union in the District Court in New York and was attempting to work with representatives of the United States and Mexico to have the garnished funds returned to Mexico. (RR Vol. 11, 10:10-12:6; 18:5-7.) To be clear, the Ryerson Fee Agreement and the 2004 Agreement were negotiated and entered into while the $43,282,633.78 was in the midst of the United States' and Government of Mexico's seizure actions. (RR Vol. 11, 10:10-17; 17:3-6.) Ultimately, the Union's attorney was successful, and the funds were released after the District Court's restraining order was lifted on August 30, 2005. *See* RR Vol. 18A, Ptf.'s Ex. 35, p. 7; RR Vol. 11, 19:4-10:21, 17:3-6.)

On February 8, 2005, Ryerson filed a Petition in Intervention, Application for Writ of Garnishment, and Request for Injunctive Relief in which he sought to intervene as a plaintiff based on his allegations that he was entitled to $7 million from the garnished funds under his agreement with the Union. (CR 229-244.) On March 17, 2005, Arriba filed a Motion to Enforce Settlement Agreement in which it sought an order from the trial court compelling the Union to perform under the 2004 Agreement. (CR 438-523.)

On December 8, 2005, the Union petitioned pursuant to Rule 664 of the Texas Rules of Civil Procedure to post a bond in lieu of the funds that had been garnished in New York. (CR 1810-1927.) That petition was joined by Pershing. (CR 1928-1932.) On December 16, 2006, the trial court denied the Union's motion pending resolution of various Rule 12 motions. (CR 2064.) The Rule 12 motions were denied on January 23, 2006. (CR 2588.)

On April 7, 2006, the Union filed a Replevy Motion of Substitution of Property Pursuant to TRCP 664. (CR 2614-2672.) Pershing also joined this motion. (CR 3103-3108.) On April 17, 2006, the trial court granted the Union's motion and directed the Clerk of the Court to accept the Irrevocable Standby Letter of Credit in the amount of $46,894,000.00. (CR 3109-3111.) The trial court further ordered that within three (3) business days of the filing of the Letter of

Credit, Pershing was authorized to release the garnished funds in accordance with the instructions from the Union's attorney, George Muñoz. (CR 3111.)

The Union filed a First Amended Motion to Dissolve Gomez's Writ of Garnishment on August 11, 2006. (CR 3139-3254.) The trial court granted the Union's motion on August 21, 2006, and ordered the writ dissolved effective October 9, 2006. (CR 3379-3380.) The court also released the Letter of Credit, effective October 9, 2006. (*Id*.) The cases then continued to move forward. Numerous motions and hearings were held in the various underlying actions.

On December 22, 2011, Arriba filed its Complaint in which it asserted a single cause of action for breach of contract based on the 2004 Agreement. (CR 3816-3821.) On May 21, 2012, Arriba filed its Amended Complaint. (CR 4016-4022.) Arriba alleged that it was entitled to fifty-two percent of the garnished funds under the 2004 Agreement. (*Id*. at ¶ 21.) Arriba further alleged that the Union breached the parties' agreement. (*Id*. at ¶ 26.) Arriba sought both specific performance and damages as a result of the Union's breach of the agreement. (*Id*. at ¶¶ 24, 28, 29.) Arriba also prayed for "such other and further relief as the Court deems just and proper." (*Id*. at Prayer.)

On February 28, 2012, the Union filed a Second Amended Answer, Special Exceptions and Counterclaims. (CR 3822-3895.) The Union asserted various affirmative defenses, including lack of apparent or actual authority for those who signed the agreement on behalf of the Union. (CR 3847-3848.) It also asserted counterclaims, including fraud and conspiracy against Arriba and Ryerson. (CR 3850-3851.)

On February 3, 2014, the Court called the case to trial. (CR 8019.) The primary issue for the jury to resolve was whether the individuals who entered into the 2004 Settlement Agreement had actual or apparent authority to act on behalf of the Union. (*See* RR Vol. 6, 19:10-15 [Court: "this main issue that would go before the jury is all about authority and the settlement agreement itself between Ryerson and the Union and the other party and who had authority to do what they did and did they have authority to do what they did?"].) A jury was impaneled and sworn, and the case proceeded to trial with opening statements and presentation of evidence. (RR Vol. 7, p. 161; CR 8019.) After the close of evidence and closing arguments, the case was submitted to the jury. (CR 8019.) The jury returned its verdict in favor of Ryerson and Arriba on February 18, 2014. (CR 7626-7637; RR Vol. 15, p. 235.)

In its verdict, the jury found that Ryerson and Alvarez both had actual **_and_** apparent authority to enter into the 2004 Agreement on behalf of the Union. (CR 7693-7694.) The jury also found that Alvarez had actual **_and_** apparent authority to enter into the November 27, 2004 agreement with Ryerson on behalf of the Union. (CR 7695.) The jury found no fraud on the part of Arriba or Ryerson. (CR 1769-7697.) The jury also awarded Ryerson attorney's fees for his trial counsel.. (CR 7699.) Arriba did not seek its attorneys' fees.

Arriba filed its Motion for Judgment on the Verdict on March 10, 2014. (CR 7683-7704.) In its motion, Arriba argued that it was entitled to an award of damages based on the Union's breach of Article III of the 2004 Agreement in failing to pay Arriba 52% of the garnished funds. (CR 7685-7686; 7702-7703.) Arriba also sought a declaration from the court regarding the validity of the 1986 Judgment and a determination by the court of the amount outstanding on that judgment taking into account accrued interest. (CR 7686-7688; 7703.)

On April 9, 2014, Ryerson filed a Proposed Judgment (CR 7718-7721) and the Union filed a Motion for JNOV. (CR 7706-7717.) Arriba filed its Amended Notice of Judgment on the Verdict on April 14, 2014. (Stip CR 1.)

9

On July 15, 2014, the trial court entered its Opinion Order on Arriba's Amended Motion for Judgment and the Union's Motion for Judgment Notwithstanding the Verdict. (CR 8021-8027.) The trial court held that Arriba was entitled to recover on its claim for specific performance under Article IV of the 2004 Agreement. (CR 8026-8027.) However, the court denied Ryerson's and Arriba's requests for damages for the Union's breach of the Ryerson Fee Agreement and the 2004 Agreement. (CR 8026.)

The trial court subsequently entered its Final Judgment in favor of Ryerson and Arriba. (CR 8019-8020.) As set forth in the judgment, "Ryerson shall recover nothing on his breach of contract claim…..on his claim for attorney's fees." (CR 8020.) Similarly the judgment stipulated, "Arriba shall recover nothing on its claim for breach of Article III fo the [2004 Agreement]." (CR 8020.) In addition, "Gomez, as receiver for Arriba, is entitled to enforce the 1986 [ ] Judgment in any legal manner, anywhere in the world, except in the country of Mexico." (*Id.*)
On August 14, 2014, the Union filed a Motion to Modify, Reform, or Correct Judgment and a Motion for New Trial. (CR 8028-8133; 8134-8193.) Pursuant to Rule 329b(c) of the Texas Rules of Civil Procedure, the Union's motions were overruled by operation of law. The Union filed its Notice of Appeal on October 8, 2014.(CR8273-8277.) Arriba and Ryerson filed separate Notices of Cross-Appeal on October 21, 2014.(CR 8280-8283; 8284-8286.)

## SUMMARY OF ARGUMENTS

The Union breached the Ryerson Fee Agreement and the 2004 Agreement. The clearly stated purpose of the 2004 Agreement was to resolve all disputes between Arriba and the Union regarding this garnishment action, the distribution of the garnished funds in New York, the enforceability of the 1986 Judgment, and the outstanding issues in the 1989 Litigation. (RR Vol. 18B, Def.'s Ex. 50, p. 2.) The clearly stated purpose of the Ryerson Fee Agreement was to pay Ryerson for his exhaustive efforts over many years to try to resolve litigation spanning more than two decades, and to do so from the funds allocated to the Union in the 2004 Agreement. After two decades of litigation, and with the seizure of more than $43,000,000 (Forty-Three Million U.S. Dollars) of Union funds securely held in a New York bank account, Arriba and the Union negotiated for the payment of money to Arriba and legal fees to Ryerson. The parties accomplished this intended purpose by memorializing and executing agreements which provided, inter *alia*, for: (1) the division of funds (i.e., $43,282,633.78) held in New York City - 52% plus $1 million to Arriba and Gomez, 48% less $1 million to the Union (*id*. at Art. III); (2) the payment of $7,000,000 in fees to Ryerson.

The trial court erred in determining that Ryerson was not entitled to an award of damages due to the Union's breach of the Ryerson Fee Agreement.

The trial court should have given the parties' agreements and the terms of their contracts their plain and ordinary meaning. Article III of the 2004 Agreement is clear that the Union funds held in New York "***shall be distributed***" 52% to Arriba, 48% to the Union, and $1 million of the Union's 48% to Arriba. (*Id.* at Art. III [emphasis added].) The Ryerson Fee Agreement is clear that out of the 48% "apportioned" to the Union, Ryerson "shall receive" US $7,000,000. The Union breached both agreements by negotiating the release of the funds restrained by the U.S. District Court in New York, and then securing the trial court's release of those funds upon the substitution of a Letter of Credit. The Union breached both agreements by not paying or distributing one thin dime to Ryerson or Arriba as required by the Ryerson Fee Agreement and the 2004 Agreement. Therefore, Ryerson has been harmed and the trial court's interpretation of the parties' agreement failed to put Ryerson in as good of a position as if the Union had performed under the Ryerson Fee Agreement.

## ARGUMENTS AND AUTHORITY

### I.    Standard of Review

The interpretation of an unambiguous contract is a question of law, which is reviewed *de novo*. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999). Whether a contract is ambiguous is also a question of law. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). Here, the trial court held that the Ryerson Fee Agreement and 2004 Agreement were not ambiguous and interpreted it as a matter of law. (*See* CR 8026 citing *MCI Telecomm. Corp.*, *supra*, 995 S.W.2d at 650-51.)

### II.    The Trial Court Erred in Refusing to Award Ryerson Monetary Damages and Jury Awarded Attorneys Fees

If a contract is worded in such a way that it can be given a definite or certain legal meaning, then the contract is not ambiguous. *Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 252 (Tex. 2009). Whether a contract is ambiguous is a legal question for the court. *Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009). A contract is not ambiguous when its meaning is certain or definite and not susceptible to more than one reasonable interpretation. *See id.* A contract is not ambiguous just because the parties disagree over its meaning. *Id.* Courts give contract terms their plain and ordinary meaning unless the contract indicates that the parties intended a different meaning. *Id.*

13

After two decades of litigation, and with the seizure of more than $43,000,000 (Forty-Three Million U.S. Dollars) of Union funds securely held in a New York bank account, Arriba and the Union negotiated for the payment of money to Arriba - a payment of a portion of what had been due and owing by the Union since 1986, and the Union agreed to pay Ryerson $7,000,000.00 from the Union's portion of the garnished funds. Ryerson's claim for damages is based on the Ryerson Fee Agreement which was not paid by its terms, and was not paid by a direct consequence of the Union's breach of both the 2004 Agreement and the Ryerson Fee Agreement. Article III of the 2004 Agreement is clear and unambiguous that the Union's garnished funds on deposit with Pershing in New York - defined in the 2004 Agreement as the "Garnished Funds" -"*shall be distributed*" pursuant to the terms of that Article. (RR Vol. 18B, Def.'s Ex. 50, p. 3 [emphasis added].) Pursuant to paragraph 1.(a) of the Ryerson Fee Agreement, Ryerson "shall receive" US $7,000,000.00 as legal fees from the "48% that are apportioned or belong to the [Union]...". (RR Vol. 18A, Ptf.'s Ex. 15.)

The trial court's decision not to award Ryerson damages was based on its erroneous interpretation that the 2004 Agreement only required the "dividing of the garnished funds *if* they were released pursuant to the writs of garnishment." (CR 8026 [emphasis added].)

14

By interpreting the agreement in this manner, the trial court failed to give meaning to the mandatory language - "shall" - requiring the distribution of the stated amounts to Arriba. This was error. *See Seagull Energy E&P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006) quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (emphasis in original) (in interpreting contracts, courts "examine and consider *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless.").

As a result of the trial court's erroneous interpretation, the court went on to conclude that there was no breach of contract because "[t]he writs were dissolved by [the] court and the funds were not subject to the distribution provisions of the [2004] Agreement." (CR 8026.) In other words, the trial court's contract interpretation would equate to a release of the funds without any consideration to Arriba or Ryerson whatsoever. In so doing, the trial court permitted the Union to completely breach the clear and unambiguous terms of the 2004 Agreement and the Ryerson Fee Agreement, take all the money allocated, inter alia, to Arriba and Ryerson per the terms of those agreements, and allowed the Union, ass the breaching party, to benefit from its breach. Simply put, there is nothing in the 2004 Agreement that conditioned Arriba's receipt of its portion of the garnished funds upon the release of those funds "pursuant to the writs of garnishment."

15

Rather, the agreement is clear, and without qualification, that the funds "***shall be distributed***" in accordance with the Article III(A)-(C). (RR Vol. 18B, Def.'s Ex. 50, p. 3.)

Similarly, there is nothing in the Ryerson Fee Agreement which conditioned Ryerson's fee to a release of the garnished funds "pursuant to the writs of garnishment." Rather, the stipulation is Ryerson "shall receive" $7,000,000.00 from the 48% that are "apportioned or belong" to the Union. (RR Vol. 18A, Ptf.'s Ex. 15.) Certainly, the fact the Union recovered 100% of the garnished funds should in no way diminish its obligation to pay Ryerson per the clear and unambiguous terms of the Ryerson Fee Agreement. Moreover, the fact that Articles IV and V of the 2004 Agreement provided for alternatives in the event the funds were not distributed by the Union as required by Article III, does not relieve the Union of its obligation to make the agreed to, and earned, $7,000,000.00 fee payment to Ryerson. The fact, as argued on pages 16-17 of Arriba's Cross-Appellant's Brief, the 2004 Agreement included provisions for contingencies, yet did not include similar contingencies in Article III, only further demonstrates their desire that the Union's obligation to distribute the funds was absolute and without regard to whether or not the funds were released pursuant to the writs of garnishment.

*See Seagull Energy E&P, Inc.*, *supra*, 207 S.W.3d at 345 ("No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument.").

The trial court also relies on the additional language in Article III that "[t]he parties also agree to use their best efforts to resolve any outstanding claims affecting the Garnished Funds that have been made, or which may be made, in the action pending in the United States District Court, Eastern District of New York under Cause No. M # 02-906." (RR Vol. 18B, Def.'s Ex. 50, p. 4.) While the provision acknowledges that there may be additional claims on the funds in the New York proceeding, this provision does not excuse the Union from its obligation to pay Ryerson its fees from the Union's portion of the "Garnished Funds" that are released to it, even if the total amount has been reduced due to these "outstanding claims." (RR Vol. 18B, Def.'s Ex. 50, p. 4.) Rather than pay Ryerson his fees from the Union's portion of the funds, the Union secured the release of 100% of those funds - both by the U.S. District Court in New York and the trial court below - to Mexico in accordance with the instructions of the Union's attorney, George Muñoz. (RR Vol. 18A, Ptf.'s Ex. 35, p. 7; RR Vol. 11, 19:4-10:21, 17:3-6; CR 3109-3111.)

Finally, even if the trial court was correct that the 2004 Agreement imposed a

requirement that the garnished funds had to be "released pursuant to the writs of garnishment" before they had to be turned over to Arriba or pay Ryerson, the Union breached the Ryerson Fee Agreement and the 2004 Agreement by circumventing the process through which this would have occurred.

Specifically, the 2004 Agreement provided for the use of an agreed-upon order, Exhibit C to the agreement, to submit to the trial court for the distribution of the garnished funds.[6] (RR Vol. 18B, Def.'s Ex. 50, p. 4.) The parties were to take whatever steps were necessary in order to assure the prompt presentation of this order to the trial court. (*Id.*) The Union did not comply. Instead, the Union proceeded in the New York action and secured an agreement with the United States and Mexico for the return of those funds to Mexico. (RR Vol. 11, 19:4-10:21, 17:3-6.) Shortly thereafter, the Union manipulated the trial court by securing an order allowing it to substitute a Letter of Credit for the garnished funds held at Pershing. (CR 3109-3111.) Those funds were to be released by Pershing pursuant to instructions from the Union's attorney. (CR 3011.)

---

[6] Although the 2004 Agreement defined the funds held at Pershing as the "Garnished Funds," there is nothing in the agreement or Exhibit C that required those funds to be "released" pursuant to the writ of garnishment. Rather, the agreement and Exhibit C refer to the funds being "distributed" or "paid." (*See* RR Vol. 18B, Def.'s Ex. 50, p. 4, Ex. C.)

The Union then secured the release of the writ of garnishment, thereby releasing the Letter of Credit. (CR 3379-3380.) Thus, the Union breached the 2004 Agreement by failing to secure the distribution of Arriba's and Ryerson's share of the garnished funds, and by actively working to prevent that from occurring.

Accordingly, the trial court erred in concluding that there was no breach of contract based on the garnished funds. By failing to pay Arriba and Ryerson its portion of the garnished funds as required by the 2004 Agreement and the Ryerson Fee Agreement, the Union breached both agreements. As a result, Ryerson is entitled to recover the amount necessary to put it in as good a position as if the Union had performed under the Ryerson Fee Agreement. *Bowen v. Robinson*, 227 S.W.3d 86, 96 (Tex. App. - Houston [1st Dist.] 2006, pet. denied). That amount is set forth in section IV below.

## III. The Arguments Asserted By the Union Below Do Not Support a Finding that Ryerson is Not Entitled to Damages.

The Union argued that Ryerson was not entitled to a judgment in the amount that the Union was supposed to pay under the Ryerson Fee Agreement because Ryerson did not allege that he was entitled to damages regarding the garnished funds.

However, "[u]nder Texas law, a party is not required to plead his measure of damages. Rule 47 of the Texas Rules of Civil Procedure requires only a short and concise statement of a cause of action (i.e., breach of a specific contract) and damage from such breach." *Bowen, supra,* 227 S.W.3d at 94 [internal citations omitted].

Ryerson's Petition in Intervention, Application for Writ of Garnishment, and Request for Injunctive Relief filed on February 8, 2005 meet the pleading requirements under Rule 47. (CR 229-244.)

The Union also argued that its failure to pay Arriba its share of the garnished funds was not a breach of the 2004 Agreement because the agreement recognized that Mexico's claim to the funds might be superior to the Union's. As set forth above, however, the fact that others may have asserted claims to the funds in the New York action did not relieve the Union of its obligation to pay Arriba or Ryerson their portion of whatever funds were ultimately recovered. The Union cites to no evidence to support this argument. Indeed, no evidence exists.

Accordingly, the Union's arguments asserted below do not preclude an award of damages to Ryerson resulting from the Union's breach of the Ryerson Fee Agreement and the 2004 Agreement.

## IV. The Amount of Ryerson's Damages is Readily Ascertainable

As set forth in the Union's Petition for TRCP 664 Judicial Review of Defendant's Replevy Bond (CR 1810-1927), as of close of business on December 5, 2005, the amount of the garnished funds, including accrued interest, was $43,943,997.88. (*See id.*, p. 3, ¶ 2.) The garnished funds were accruing interest at the rate of approximately $1,895.00 per day. The garnishments on the funds were dissolved by this Court effective October 9, 2006. (CR 3379-3380.) Accordingly, at the latest time the Union was required to make payment under the Agreement,[7] the amount of the garnished funds was $44,529,552.88 as follows:

- $1,895.00 x 309 days between December 5, 2005 and October 9, 2006 = $585,555.00

- $585,555.00 in interest + $43,943,997.88 principal = $44,529,552.88

Arriba was entitled to 52% of that amount, which is $23,155,367.50, plus $1,000,000.00 of the Union's 48%, for a total of $24,155,367.50 owed to Arriba at the time of the Union's breach. Ryerson is entitled to $7,000,000.00 out of the Union's share.

Ryerson is also entitled to prejudgment interest on this amount based on the holding of the Supreme Court of Texas in *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998).

---

[7] Arriba could arguably be entitled to pre-judgment interest from March 17, 2005, the date on which it filed its Motion to Enforce Settlement Agreement. (CR 438-523.)

21

In that case, the Supreme Court held that prejudgment interest is permitted under Texas common law at the rate of post-judgment interest as simple interest. *Id.* at 528, 532. The Supreme Court further held that "prejudgment interest begins to accrue on the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date suit is filed." *Id.* at 531. The rate for prejudgment interest is the same as the statutory rate for post-judgment interest and is simple interest. *Id.* at 532.

Ryerson is entitled to prejudgment interest at the rate of 5% per annum. Tex. Fin. Code § 304.003(c)(2). Accumulation of this prejudgment interest should begin to run from October 9, 2006, the date on which Ryerson's writ of garnishment was dissolved by the trial court at the Union's request. Daily interest on the $7,000,000.00 owed to Ryerson based on the Union's breach of the Ryerson Fee Agreement is $958.90. Accordingly, the judgment should award Arriba damages and prejudgment interest in the amount of $583,013.70 plus $958.90 in daily interest from October 9, 2006, until the date of the modified judgment entered by this Court.

Ryerson is also entitled to post-judgment interest on that total amount of damages at the rate of 5% compounded annually. Tex. Fin. Code §§ 304.003(c)(2), 304.006. In addition, because the Union breached the Ryerson Fee Agreement,

22

Ryerson is fully entitled to a recovery of the jury awarded attorney's fees, per Chapter 38 of the Civil Practice and Remedies Code. The attorney's fees determined by the jury amount to $73,125. (CR 7699.) Ryerson is also entitled to post-judgment interest on these attorney's fees.

## CONCLUSION AND PRAYER

Ryerson was entitled to an award of damages resulting from the Union's breach of the parties' agreement. The trial court erred in refusing to award those damages.

WHEREFORE, PREMISES CONSIDERED, Appellant Carlos Ryerson, respectfully prays that this Court grant its appeal and affirm the jury's verdict, reverse the trial court's judgment regarding Appellant Carlos Ryerson's claim for damages for breach of contract, and modify that judgment to include an award of damages in favor of Appellant in the amount of $7,000,000.00, plus pre-judgment interest and post-judgment interest, together with the jury determined attorney's fees in the amount of $73,125 plus post-judgment interest.

Appellant further prays for such other relief that it may be justly entitled.

Respectfully Submitted,

By: */s/ Carlos Ryerson*
**Carlos Ryerson**
State Bar No. 17492500
6700 Belmont No. 11
Houston, Texas 77005
Telephone: (713) 291-2301
Facsimile: (832) 383-9320
Email: carlos.ryerson@ryersonlaw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was served on all counsel of record electronically on June 10, 2015.

Michael Choyke, Esq.
State Bar No. 00793504
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321
(713) 572-4320 (Fax)
choyke@wrightclose.com

Paul Simon, Esq.
State Bar No. 24003276
SIMON HERBERT & MCCLELLAND, LLP
3411 Richmond Ave., Ste. 400
Houston, Texas 77046
(713) 987-7100
(713) 987-7120 (Fax)
psimon@shmsfirm.com

Michael J. Pérez, Esq.
Pérez & Wilson, Inc.
750 B. Street, Suite 3300
San Diego, California 92101
(619) 741-0282
(619) 460-0437 (Fax)
perez@perezwilson.com

Steven Ward Williams, Esq.
Smith Sovick Kendrick & Sugnet, PC
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
(315) 474-2911
(315) 474-6015 (Fax)
swilliams@smithsovik.com

*/s/ Carlos Ryerson*
Carlos Ryerson